IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02943-PAB

MOUNTAIN SKI TRIPS, LLC, a Colorado Limited Liability Company,

       Plaintiffs,

v.

TYLER J. BOTSFORD,
VR MARKETERS, and
GREEN MONKEY MARKETING LLC,

       Defendants.
_____

# ORDER
_____

       This matter is before the Court on that portion of plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 2] that requests issuance of an ex parte temporary restraining order. Plaintiff Mountain Ski Trips, LLC seeks a temporary restraining order ("TRO") enjoining defendant Tyler J. Botsford "from selling or otherwise transferring control of www.BreckenridgeLodging.com and requiring Defendant Botsford to maintain that domain in the exact same condition it was in at noon Denver time, on November 15, 2017." Docket No. 2 at 10. Plaintiff alleges that it purchased the domain www.BreckenridgeLodging.com ("the domain") from Mr. Botsford, but that Mr. Botsford refuses to relinquish control of the domain. Docket No. 2-1 at 3-5 (domain name purchase agreement dated January 21, 2014).

       Pursuant to Fed. R. Civ. P. 65(b)(1)(A), a TRO may only be issued without notice to opposing parties if "specific facts in an affidavit or a verified complaint clearly show

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Moreover, Local Rule 65.1 requires that a motion for a TRO be "accompanied by a certificate of counsel" either (1) stating "actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing" have been provided to counsel for opposing parties or (2) describing the efforts made to provide opposing parties with notice and copies of the required documents. D.C.COLO.LCivR 65.1(a).

Plaintiff's motion states:

Undersigned Counsel hereby certifies that the attached Cease and Desist Letter attached hereto as Exhibit 7 was e-mailed to Defendant Botsford on November 16, 2017, that Mr. Botsford indicated that he received the Cease and Desist Letter on November 16, 2017, that based on my client's review of the domain, Defendant Botsford removed [plaintiff's] webpages from the domain within 24 hours of receiving the Cease and Desist Letter. I believe giving Defendant Botsford notice of an impending Temporary Restraining Order before it can be enforced against him will invite him to cause additional irreparable injury to the domain and the interests of [plaintiff].

Docket No. 2 at 9, ¶ 44.[1] Plaintiff claims that Mr. Botsford offered to sell the domain to a third party "at some point between November 30, 2017 and December 5, 2017." *Id*. at 6-7, ¶ 27. Plaintiff argues that "based on Defendant Botsford['s] almost immediate disabling of the [plaintiff's] website on the breckenridgelodging.com domain in response to the Cease and Desist Letter Undersigned Counsel e-mailed to him on November 16, 2017, it seems certain that Defendant would attempt to transfer control of the domain to

---

[1] Plaintiff also filed an "Information for Temporary Restraining Order" stating this same information as the reason that defendants had not been notified. Docket No. 7 at 2.

a non-party if he is aware Plaintiff were seeking a Temporary Restraining Order preventing him from doing so once he is served with such an Order." *Id*. at 9, ¶ 42.

A request for an ex parte TRO requires "the court to serve as the absent party's advocate, triggering intense judicial scrutiny of a plaintiff's claims, the relief it seeks, and most importantly, its proffered justification for proceeding ex parte." *Adobe Sys., Inc. v. S. Sun Prod., Inc.*, 187 F.R.D. 636, 639 (S.D. Cal. 1999). While plaintiff claims that Mr. Botsford has attempted to sell the domain in the past, plaintiff provides no evidence for this assertion. *See* Docket No. 2 at 6-7, ¶ 27. Plaintiff did not file a verified complaint and the affidavits of Drew Ewing and Michael Archer provided by plaintiff do not address the purported necessity for ex parte action, i.e., that Mr. Botsford may sell or transfer control of the domain if notified. Docket No. 1; Docket No. 2-1 at 1-2; Docket No. 2-10. Accordingly, plaintiff has failed to satisfy the requirement of Fed. R. Civ. P. 65(b)(1)(A) to provide "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury" will result if an ex parte TRO is not issued. In fact, the evidence provided by plaintiff tends to show that Mr. Botsford is not seeking to transfer ownership or control of the domain. Mr. Botsford indicates in the emails attached to plaintiff's motion that he intends to use the domain for "a new website," Docket No. 2-5, or "rent" the domain. Docket No. 2-7. Moreover, Mr. Botsford has been aware of the dispute since at least plaintiff's November 16, 2017 letter, and plaintiff provides no reason to conclude that notice of the motion would suddenly cause plaintiff to sell the domain. *See Am. Can Co. v. Mansukhani*, 742 F.2d 314, 323 (7th Cir. 1984) ("Where there are no practical obstacles to giving notice to the adverse party, an ex parte order is justified only if there is no less drastic means for protecting the

plaintiff's interests."); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (3d ed. 1995) ("The issuance of an ex parte temporary restraining order is an emergency procedure and is appropriate only when the applicant is in need of immediate relief." (footnotes omitted)). Therefore, the Court finds that plaintiff has not provided sufficient basis for the issuance of a TRO on an ex parte basis. Accordingly, the Court will schedule a hearing on plaintiff's request for a TRO conditioned on plaintiff providing Mr. Botsford adequate notice of the TRO hearing. The Court will vacate that hearing if plaintiff fails to provide prompt notice to Mr. Botsford or his attorney.

Therefore, it is

**ORDERED** that a hearing is set for December 12, 2017 at 9:00 a.m. in Courtroom A701 before Judge Philip A Brimmer on plaintiff's Motion for Temporary Restraining Order [Docket No. 2]. It is further

**ORDERED** that, at or before 4:00 p.m. December 8, 2017, plaintiff shall file a pleading indicating what notice plaintiff has given to defendant Tyler J. Botsford of the hearing on the motion for a temporary restraining order.

DATED December 8, 2017.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge