IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02943-PAB

MOUNTAIN SKI TRIPS, LLC, a Colorado Limited Liability Company,

      Plaintiffs,

v.

TYLER J. BOTSFORD,
VR MARKETERS, and
GREEN MONKEY MARKETING LLC,

      Defendants.
_____

# ORDER
_____

This matter is before the Court on that portion of plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 2] that requests issuance of a temporary restraining order ("TRO"). The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Plaintiff Mountain Ski Trips, LLC is a vacation rental marketing company. On December 7, 2017, plaintiff filed a complaint alleging eight claims for relief. Docket No. 1. In its fifth claim for relief, civil theft, plaintiff alleges that it owns the domain name www.breckenridgelodging.com ("the domain"), but that defendant Tyler J. Botsford, a former co-owner of plaintiff, has taken control of the domain and will not return it. Docket No. 1 at 14, ¶¶ 87, 88. Plaintiff seeks a TRO only against Mr. Botsford, asking the Court to order him to restore the domain to how it was functioning at noon on

November 15, 2017[1] and to bar him from selling or transferring control of the domain. Docket No. 2 at 10. On December 12, 2017, the Court held a hearing on that portion of the motion seeking a temporary restraining order. Docket No. 21. Mr. Botsford appeared pro se.[2]

To succeed on a motion for temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

At the hearing, the Court made findings of fact. *See* Docket No. 21 at 2. Those findings are incorporated herein by reference. A person commits civil theft under

---

[1] This is the last uncontested status for the domain.

[2] Mr. Botsford represented only himself. The other defendants were not represented at the hearing.

Colorado law when "he or she 'knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception,' and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo. 2016) (quoting Colo. Rev. Stat. § 18-4-401(1)(a)-(d)). The property owner must show that the alleged thief had the "'specific intent to permanently deprive the owner of the benefit of property.'" *Id*. (quoting *Itin v. Ungar*, 17 P.3d 129, 134 (Colo. 2000)).

The domain name is property within the meaning of the civil theft statute. *See In re Paige*, 685 F.3d 1160, 1195 (10th Cir. 2012) (holding that a domain name was "plainly property"); *Kremen v. Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) (holding that domain names are intangible property). At the hearing, the Court found that plaintiff demonstrated a likelihood of success on the merits of the civil theft claim. Plaintiff introduced evidence that Mr. Botsford exercised control over the domain name by redirecting the domain name such that plaintiff's website no longer appeared at the domain. Additionally, based on the emails exchanged between Mr. Botsford and Drew Ewing, a current owner of plaintiff, and Mr. Botsford's admission that he has proposed selling the domain since September 2017, plaintiff showed that Mr. Botsford acted with the specific intent to permanently deprive plaintiff of the domain.

The Court also found that plaintiff demonstrated that, in the absence of injunctive relief, it will suffer irreparable harm. At the TRO hearing, plaintiff presented the expert testimony of Michael Archer, the founder of an internet marketing consultancy, that internet search engines rank domains based on various factors and that higher ranked domains are more prominently displayed and receive more visitor traffic. Mr. Archer

testified that the domain will gradually lose ranking value the longer it remains out of operation and could lose all acquired ranking value if left out of operation for many months. At that point, the domain's ranking value would be beyond repair and could not be restored by bringing the website back.

The Court found that the balance of equities tips in plaintiff's favor. Plaintiff has demonstrated that it will suffer harm should it not be able to continuously maintain its website on the domain. Mr. Botsford, by contrast, did not present evidence of harm he would suffer if he were required to restore plaintiff's ability to display its website on the domain.

Finally, the Court also found that the TRO is in the public interest. The public has a substantial interest in enforcing private property rights, including rights in intangible property.

Pursuant to Fed. R. Civ. P. 65(c), the Court required that plaintiff post a $5,000.00 bond.

For the foregoing reasons and those stated in the Court's oral ruling, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 65, the portion of plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 2] seeking a temporary restraining order is **GRANTED**. It is further

**ORDERED** that defendant Tyler J. Botsford:

1) shall point the domain known as www.BreckenridgeLodging.com to internet address 161.47.36.72;

2) shall refrain from taking any action to hinder the functioning of the domain and

any website displayed at the domain;

3) shall not sell, transfer ownership, or take any action which could hinder plaintiff's ability to enjoy ownership of the domain or hinder any website displayed by plaintiff on the domain from functioning as it did on November 15, 2017; and

4) shall cooperate with plaintiff to allow for plaintiff to make timely payment of any registration fees or other fees that must be paid to GoDaddy.com in order to keep the domain name registered and operational.

It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 65(b)(2), this order will expire on December 27, 2017 unless extended by the Court for good cause. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 65(c), plaintiff shall post a bond in the amount of $5,000 into the court registry as security no later than December 13, 2017. This temporary restraining order shall not be effective unless and until this security is deposited with the Clerk of the Court. It is further

**ORDERED** that plaintiff shall serve a copy of this order on Mr. Botsford at the email address known to plaintiff.

Entered December 13, 2017, at 10:30 a.m.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge